WILEY et al., Appellants,

v.

GIBSON, Appellant.

[Cite as *Wiley v. Gibson* (1997), 125 Ohio App.3d 77.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970198.

Decided Dec. 26, 1997.

78

*Farrish & Farrish, L.P.A., Kelly Farrish* and *Craig L. Farrish,* for appellants.

*Rendigs, Fry, Kiely & Dennis, L.L.P., Felix J. Gora* and *Thomas M. Evans,* for appellee.

PAINTER, Presiding Judge.

This lawsuit was originally filed over eleven years ago. This is its third visit to this court, and the case has been to the Ohio Supreme Court twice. Lonnie Wiley and Shelly Wiley, plaintiffs-appellants, have not, as yet, received a jury trial.

In 1985, Lonnie Wiley visited dentist Reginald Gibson, defendant-appellee, to have a bridge seated. When Gibson injected a local anesthetic, Wiley felt a sharp stabbing pain. He was left with a permanent numbness and loss of sensation over half of his face. Wiley filed suit for dental malpractice and for failure to obtain informed consent; his wife filed suit or loss of consortium.

The trial court granted Gibson's motion for summary judgment on these claims, but this court reversed the summary judgment.[1] The Ohio Supreme Court denied jurisdiction to hear the case.[2] The case was returned to the active trial docket and was initially scheduled for compulsory arbitration in May 1994. Apparently, both parties agreed that arbitration was futile because their settlement offers were $100,000 apart. But the arbitration was eventually set and completed on September 21, 1994. The arbitration report and award, in Gibson's favor, was filed in the trial court on October 19, 1994.

When the arbitration commenced, the case was still set for trial on October 27, 1994. In early October, the Wileys' attorney notified the trial court that the arbitration decision had not yet come out. Thus, the trial date of October 27 would have come before the thirty-day period to appeal the arbitration decision expired. On October 11, about a week prior to the entry of the arbitration report and award, the trial court vacated the trial date set for October 27 and referred the matter to a visiting judge. In an uncontroverted affidavit, the Wileys' attorney states that he rescheduled a trial date for April 24, 1995, with the visiting judge.

---

1. *Wiley v. Gibson* (1990), 70 Ohio App.3d 463, 591 N.E.2d 382.

2. *Wiley v. Gibson* (1991), 59 Ohio St.3d 707, 571 N.E.2d 131.

In his affidavit, the Wileys' attorney asserts that he did not received notice of the arbitration report and award until November 23, 1994, when Gibson sent him a copy of an entry referring to it—after the thirty-day period for appeal of an arbitration report and award mandated by Hamilton County Court of Common Pleas Loc.R. 24(S) had expired. On November 25, 1994, the Wileys filed a notice of appeal from the arbitration report and award. On November 29, 1994, the Wileys moved to file a notice of appeal out of time. The trial court denied this motion, and this court affirmed. The Ohio Supreme Court again denied jurisdiction.[3]

In turn, the Wileys moved for relief from judgment under Civ.R. 60(B)(5). The trial court overruled the motion; thus, the case is back before us. In the Wileys' assignment of error, they assert that the trial court abused its discretion in overruling their motion for relief from judgment.

When the trial court overruled the Civ.R. 60(B) motion, it stated that the arguments supporting relief from judgment were the same ones that had previously been made to the court and that a Civ.R. 60(B) motion is not a substitute for appeal. While we agree that a Civ.R. 60(B) motion is not a substitute for appeal, we do not believe that the Wileys used relief from judgment under the rule as a substitute for a direct appeal. In fact, the essence of the Wileys' claim is that they were denied their ability to directly appeal the judgment entered on the arbitration report and award because they never received notice of it. The Wileys claim that they received notice of the arbitration report and award only when opposing counsel sent an entry referring to it— four days after the thirty-day limit had expired. The Wileys then immediately petitioned the trial court for an opportunity to file a delayed appeal, which the trial court rejected. The narrow issue in the previous appeal to this court was whether the trial court abused its discretion in refusing to allow a delayed appeal. Because the local rules do not provide for an extension, we held that it did not.

If we were to deny the Wileys' ability to move for relief from judgment because they could have brought the issue on direct appeal, when their motion for relief from judgment is premised on not having been able to bring a direct appeal, we would be using circular reasoning. In a similar case in Franklin County, a plaintiff asserted that a trial court erred in entering judgment on an arbitration report and award because the plaintiff never received notice of it. The Franklin County Court of Appeals stated: "Even though the failure of plaintiff to receive notice of the report and award of the arbitration does not affect the time in which plaintiff must file her notice of appeal, such failure to receive notice is a

---

**3.** 76 Ohio St.3d 1406, 666 N.E.2d 566.

circumstance which can be considered by the trial court in ruling upon a motion filed pursuant to Civ.R. 60(B)." [4]

■ We are now confronted with the broader question of whether the Wileys have made the three-pronged showing required to receive relief from judgment under Civ.R. 60(B). The Wileys must establish (1) that they have a meritorious claim to present if relief is granted, (2) one of the grounds for relief set forth in Civ.R. 60(B)(1) through (5), and (3) that their motion for relief from judgment has been made within a reasonable time.[5] The trial court's ruling on a Civ.R. 60(B) motion will not be reversed absent an abuse of discretion.

There is no dispute that the Wileys filed their motion within a reasonable time—they filed it soon after this court denied their request to file a delayed appeal. And the Wileys have submitted enough evidence to show that they have a meritorious claim against Gibson. On this prong, a movant need not demonstrate that he would prevail at trial, but only that he can allege a meritorious claim.[6] Thus, the only issue we must address is whether the Wileys can establish one of the grounds for relief under Civ.R. 60(B).

■ The Wileys specifically moved for relief under Civ.R. 60(B)(5), the rule's catchall provision. Civ.R. 60(B)(5) allows a court to relieve a party from a judgment for "any reason justifying relief." It reflects the inherent power of courts to relieve a person from the unjust operation of a judgment.[7] This catchall provision, though, should only be used in rare cases, where substantial grounds exist to justify relief.[8] It applies only where a more specific provision of the rule does not apply.[9]

---

4. *Riffle v. Grange Mut. Cas. Co.* (Mar. 7, 1985), Franklin App. No. 84AP–1025, unreported, 1985 WL 9893; see, also, *Enyart v. Columbus Metro. Area Community Action Org.* (Sept. 6, 1994), Franklin App. No. 93APE12–1658, unreported, 1994 WL 485753; *Lehr v. Spangler* (June 22, 1993), Franklin App. No. 93–AP–187, unreported, 1993 WL 238954.

5. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

6. *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879; *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564.

7. *Volodkevich v. Volodkevich* (1988), 35 Ohio St.3d 152, 518 N.E.2d 1208; *Quality Pak Co. v. Baston* (Nov. 3, 1997), Clermont App. No. CA97–03–022, unreported, 1997 WL 685054.

8. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365; *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 680 N.E.2d 1046; *Khoshbin v. Khoshbin* (Sept. 24, 1997), Summit App. No. 18237, unreported, 1997 WL 626584.

9. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 637 N.E.2d 914.

■  We believe this to be one of the rare times where the trial court should have granted relief from judgment based on Civ.R. 60(B)(5). This is the Wileys' first true opportunity to raise their arguments attacking the judgment based on the arbitration report and award. In the previous appeal, they could challenge only the trial court's denial of their motion to file a delayed appeal. From the beginning, the Wileys have never wanted to submit to arbitration, which they have perceived as a fruitless settlement tool. They fully intended to appeal any arbitration award below $125,000—especially an award for Gibson, giving the Wileys nothing. .

■  After the arbitration was heard, while the arbitrators were deliberating, the trial date was still set for October 27. Aware that the trial date would precede the expiration of their time to appeal from the arbitration, the Wileys notified the trial court. The court vacated the trial date and referred the case to a visiting judge's docket. Because the case was rescheduled after the arbitration was heard, it was tantamount to filing an early appeal. When a notice of appeal to an appellate court is filed prematurely, it is treated as being filed immediately after the entry of judgment.[10] We see no reason why a premature appeal from an arbitration decision should not receive the same treatment, even absent a specific rule.

Additionally, although the Wileys did not file an appeal of the arbitration award and report within thirty days, they claim that they never received notice of it until after the time for appeal had expired. In a case involving similar circumstances, the Franklin County Court of Appeals held that a plaintiff was entitled to notice of the arbitration panel's decision; thus, the time for an appeal did not commence until notice was received.[11] The court analogized the situation here with *Atkinson v. Grumman Ohio Corp.*,[12] in which the Ohio Supreme Court determined that the right to an appeal is a property right requiring due process; therefore, the time period in which an appeal may be taken does not begin to run until a party is given notice of the final appealable order. Under these circumstances, we agree, especially because the Wileys filed a notice of appeal within six days of the expiration of the time for appeal—one business day after they received notice of the arbitration report and award.

---

**10.**  See App.R. 4(C). The federal rule gives similar results. See Fed.R.App.P. 4(a)(2); *Good v. Ohio Edison Co.* (C.A.6, 1997), 104 F.3d 93.

**11.**  *Hill v. Southard* (Oct. 29, 1991), Franklin App. No. 91AP–699, unreported, 1991 WL 325598; *MBA Realty v. Little G, Inc.* (1996), 116 Ohio App.3d 334, 688 N.E.2d 39.

**12.**  *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851.

In *Atkinson,* the Ohio Supreme Court crafted a new rule requiring the clerk of courts to serve notice of a judgment within three days of entering the judgment on the journal.[13] In a civil case, a party must file an appeal within thirty days of the later of a judgment's entry or service of notice of the judgment if service is not made on the party within a three-day period.[14] Just as substantial a right is involved here—even more so because a local court rule provides that the right to a jury trial is abrogated simply as a result of the lapse of thirty days after the arbitration report and award is filed.

To deny the Wileys their appeal would be manifestly unjust. Compulsory arbitration is designed to give parties an objective assessment of their case and to promote settlement, reducing the burden on the trial courts. It would be a rare case when a plaintiff would not desire to receive a trial *de novo* after an arbitration award in favor of the defendant. Usually, an arbitration award for the defendant, giving nothing to the plaintiff, will be appealed by the plaintiff unless he decides, or is convinced by the arbitration result, that his case is without merit.

Under the circumstances of this case, we hold that the Wileys have asserted viable reasons for relief from judgment under Civ.R. 60(B)(5). We prefer cases to be heard on their merits rather than to be dismissed on technicalities. The trial court's refusal to grant the Wileys relief from judgment was unreasonable under all of the uncontroverted facts. The sole assignment is sustained, the order denying relief from judgment is reversed, and the underlying judgment memorializing the arbitration award is vacated. This cause is remanded for further proceedings in accordance with law.

*Judgment accordingly.*

DOAN and GORMAN, JJ., concur.

GORMAN, Judge, concurring.

I concur with Judge Painter's well-reasoned opinion, but I write separately to emphasize that compulsory arbitration procedures in this case were used to violate the Wileys' right to a jury trial guaranteed by Section I, Article V of the Ohio Constitution. We have established that Loc.R. 24(S), relative to a thirty-day deadline for appeal, is "only a rule of procedure, not a rule affecting the court's jurisdiction." *Wright v. Cole* (Nov. 27, 1996), Hamilton App. No. C–960079,

---

13. See Civ.R. 58(B).

14. See App.R. 4(A).

unreported, 1996 WL 682177. Therefore, in the interest of justice, the trial court must exercise sound discretion in permitting deviation from the deadlines of arbitration under Loc.R. 24(S).

The right to a jury trial in a civil case cannot be denied by legislative act or judicial decree for claims where the right existed at common law at the time the Ohio Constitution was adopted. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 421–422, 633 N.E.2d 504, 510. Procedurally, a party's right to a jury trial is preserved by his right to appeal from the arbitration and the right to a *de novo* trial.

Despite the Wileys' protest, the trial court referred the medical negligence claim to compulsory arbitration. As the lead opinion notes, the Wileys maintained a trial date of October 27, 1994, on the court's trial calendar. Following the arbitration hearing, the trial court *sua sponte* vacated the agreed trial date on October 11, 1994, sending the case to a visiting judge, eight days before the report and award were entered in the trial court. Under these circumstances, the trial court abused its discretion by its stringent application of Loc.R. 24(S). The result was a violation of the Wileys' constitutional right to a jury trial.

Like Judge Painter, I find that this is one of those rare instances where relief from judgment under Civ.R. 60(B)(5) is appropriate.