OPINION
Defendant-appellant Eileen Wood appeals from the February 10, 1999, Judgment Entry of the Canton Municipal Court overruling her Motion for Relief from Judgment. Plaintiff-appellee is Clarence Gainer dba Kara's Lawn and Tree Care.
 STATEMENT OF THE FACTS AND CASE
On or about July 3, 1998, Kenneth Glazier who allegedly was appellant's tenant, signed an invoice totaling $12,132.50 for tree debris removal. The invoice stated that the removal service had been sold by appellee Kara's Lawn Tree Care to appellant Eileen Wood at 2578 Applegrove, N.E. in North Canton, Ohio. In the space marked "Terms" on the invoice is listed "CNA Ins." The tree removal services were completed in July of 1998. After completing the tree debris removal, appellee attempted to obtain payment from CNA Insurance, appellant's insurer. Pursuant to a letter dated October 29, 1998, from a CNA Senior Claim Representative to appellant's counsel, CNA stated that its obligation under appellant's insurance policy with CNA was "to indemnify our insured for the reasonable cost of covered expenses". In its letter, CNA indicated that it had mailed a check in the amount of $4,350.00 to appellant, its insured, for the expenses associated with the tree debris removal and that, with the mailing of the check, CNA's file was now closed. A copy of the letter was sent to appellant at an address in Ravenna, Ohio. On November 13, 1998, appellee filed a complaint for breach of contract against appellant and Kenneth A. Glazier in the Canton Municipal Court seeking $12,132.50 for compensatory damages. Appellee specifically alleged that appellant and Glazier had contracted with appellee to clear and remove trees for the contract price of $12,132.50 as evidenced by the invoice signed by Glazier and that Glazier, as agent for appellant, had accepted the invoice. Whereas appellant was served with a copy of the complaint on November 19, 1998, Glazier was served on November 18, 1998. Pursuant to a letter dated December 18, 1998, from the attorney for CNA Insurance Company to appellant, CNA stated as follows: "CNA Insurance Company will not either defend or indemnify [appellant] with respect to a lawsuit initiated in the Canton Municipal Court captioned "Clarence M. Gainer v. Eileen Wood and Kenneth Glazier" . . . Accordingly, it will be your obligation to secure your own attorney to defend your interest in that case." On December 21, 1998, appellee filed a Motion for Default Judgment against both appellant and Glazier. Pursuant to an order filed two days later, appellee was granted a default judgment against both appellant and Glazier in the amount of $12,132.50 together with interest at the rate of 10.00% per annum from the date of judgment and costs. A Motion for Leave to File [an] Answer was filed by appellant on January 6, 1999. The trial court, pursuant to an order filed on January 8, 1999, granted appellant leave to file her answer instanter. Appellant's answer was then filed the same day. Pursuant to a Judgment Entry filed on January 11, 1999, the trial court sua sponte vacated its January 8, 1999, order allowing appellant to file her answer instanter and ordered that appellant's answer be stricken. Via a letter dated January 14, 1999, counsel for CNA Insurance again advised appellant that "CNA Insurance Company will not either defend or indemnify you with respect to a lawsuit initiated in the Canton Municipal Court captioned Clarence M. Gainer v. Eileen Wood Kenneth Glazier, . . . . Once again, appellant was advised to obtain her own attorney. Thereafter, a Motion for Relief from Judgment was filed by appellant on January 25, 1999. A hearing on appellant's motion was scheduled for February 10, 1999. The Judgment Entry setting the hearing directed all parties to be present and to be "prepared to argue the contents of Defendant's "motion". A Memorandum in Opposition to appellant's Motion for Relief was filed by appellee on February 8, 1999. The trial court, pursuant to a Judgment Entry filed on February 10, 1999, overruled appellant's Motion for Relief from Judgment. No transcript of the hearing on February 10, 1999, was ever filed. It is from the February 10, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO GRANT DEFENDANT-APPELLANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT SINCE THE DEFENDENT [SIC]-APPELLANT HAS A MERITORIOUS DEFENSE; HER FAILURE TO TIMELY RESPOND WAS DUE TO MISTAKE AND INADVERTENCE; THERE WAS NO UNDUE DELAY IN HER FILING FOR RELIEF FROM JUDGMENT.
Appellant's case has been assigned to the accelerated calendar. While appellant's brief was not filed in a timely manner, this court shall consider the merits of appellant's arguments. At issue in this case is whether the trial court erred in denying appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B). A trial court's ruling on a Motion for Relief from Judgment under Civ.R. 60(B) will not be reversed absent an abuse of discretion. Wiley v. Gibson (1997), 125 Ohio App.3d 77. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Civ.R. 60(B) provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or preceding was entered to taken."
A party seeking relief from a default judgment pursuant to Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed. See GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146; Blasco v. Mislik (1982), 69 Ohio St.2d 684. Appellant specifically contends that she is entitled to relief under Civ.R. 60(B)(1) on the basis of mistake, inadvertence or excusable neglect since "[i]t was not until a letter dated December 18, 1998, to Defendant-Appellant Wood that Defendant-Appellant Wood had any inkling that CNA Insurance Company may not be defending the claim or providing coverage." According to appellant, it is unlikely that appellant received such letter before appellee obtained a default judgment against appellant on December 23, 1998. However, assuming, arguendo, that appellant has met the second and third prongs of the test set forth in GTE Automatic Electric, we find that appellant has failed to demonstrate that she has a meritorious defense to appellee's claims. A movant requesting relief under Civ.R. 60(B) must submit factual material with his or her motion which demonstrates grounds which, if true, would constitute a defense to the action. See Matson v. Marks (1972), 32 Ohio App.2d 319, 327 and Woodside Pet Cemetary, Inc. v. W. G. Lockhart Constr. Co. (Oct. 26, 1998), Stark App. No. 1997CA00402, unreported. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216, 220. The Motion for Relief filed by appellant in this case, however, is not supported by any factual material, affidavit quality or otherwise establishing that appellant has a meritorious defense. No transcript of the February 10, 1999, hearing before the trial court on appellant's motion was ever filed so we cannot even determine if any meritorious defenses were raised at that hearing. Rather, appellant, in her Motion for Relief from Judgment, simply made the following unsupported conclusory statements: "Wood also meets the `meritorious defense' prong to the GTE Automatic Electric v. ARC Industries test. The dispute in this case revolves not around whether the work had been done by the Plaintiff, but rather, the issues are whether the Defendant Wood has any contractual responsibility and the value of Plaintiff's repairs."
There is, however, no affidavit or other type of document indicating that appellant is not contractually liable for the repairs performed by appellee or that the cost of the same was unreasonable. In addition, since there was no transcript of the 60(B) hearing, we must presume the validity of the trial court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Since appellant has failed to demonstrate that she has a meritorious defense to appellee's claims, the trial court did not abuse its discretion in denying appellant's Motion for Relief from Judgment. The trial court's decision was not arbitrary, unreasonable or unconscionable. Appellant's sole assignment of error is overruled.
The Judgment of the Canton Municipal Court is affirmed.
By Edwards, J. Wise, P.J. and Hoffman, J. concur