OPINION.
This case involves a dispute between plaintiffs-appellees William and Nancy Hoffbauer and defendant-appellant Wayne Homes regarding the construction of the Hoffbauers' home. Pursuant to the parties' contract, the dispute was submitted to binding arbitration, with a hearing taking place on April 30, 1999. Approximately one month later, the arbitrator issued his award granting Wayne Homes $27,706 in damages. On June 14, 1999, Wayne Homes filed an application in the trial court to have the arbitration award confirmed. The very next day, the trial court's entry confirming the award was journalized. Then, on June 24, 1999, the Hoffbauers filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). In their memorandum in support of this motion, the Hoffbauers claimed that the "grossly unfair" nature of the arbitration proceeding provided a basis for vacating the arbitration award. Thereafter, the trial court held a hearing on the motion for relief from judgment wherein the Hoffbauers presented the testimony of three witnesses; no transcript of the arbitration hearing was offered for the trial court's review. The trial court subsequently granted the Hoffbauers' motion and ordered that a new arbitration be conducted.
In this timely appeal, Wayne Homes asserts that the trial court abused its discretion in granting the Hoffbauers' motion for relief from judgment, where the evidence they presented was insufficient as a matter of law to establish a meritorious claim or defense.[1] We agree.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that he has a meritorious defense or claim to present if relief is granted.[2] As applied to the instant case, this means that the Hoffbauers were required to demonstrate that a basis for vacating the arbitration award existed. In doing so, they were limited by R.C. 2711.10, which provides an exclusive list of bases upon which an arbitration award may be vacated:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 (A) The award was procured by corruption, fraud or undue means.
 (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
* * *
 In their motion for relief from judgment, the Hoffbauers advanced several arguments to support their contention that the arbitration award should be vacated. Their primary contention was that the American Arbitration Association's bias in favor of Wayne Homes provided a basis for vacating the award pursuant to R.C. 2711.10(B)'s "evident partiality" provision. According to the Hoffbauers, the AAA's bias for Wayne Homes stemmed from the fact that Wayne Homes was a "major client" of the AAA because it had previously utilized the AAA to resolve other disputes arising under its home-construction contracts. They claimed that the AAA's bias was demonstrated by (1) its failure to transmit its case file and exhibit book to the arbitrator prior to the arbitration, when it had otherwise managed to transmit Wayne Homes' materials; (2) its acquiescence to Wayne Homes' requests to schedule an initial mediation session in Summit County, near Wayne Homes' corporate offices, despite the fact that the home that was the basis of the dispute was located in Hamilton County; (3) and its acquiescence to Wayne Homes' subsequent unilateral withdrawal from the scheduled mediation.
In providing a basis to vacate an arbitration award, R.C.2711.10(B) speaks specifically to partiality on the part of the arbitrator. The Hoffbauers' complaint, however, addressed partiality on the part of the arbitration service that arranged for the arbitration, not partiality by the arbitrator himself. Although we do not reject the possibility that partiality on the part of an arbitration service may justify vacating an arbitration award, we believe that such partiality must be shown to have had the effect of tainting the neutrality of the arbitrator hearing the dispute so as to affect the fairness of the actual arbitration proceeding. In other words, we do not believe that isolated instances of conduct by an arbitration service in providing for an arbitration should serve as the basis for vacating an award where there is no showing that the conduct had the ultimate effect of depriving the parties of their right to have their case heard by a fair and neutral arbitrator.
In the instant case, there was no demonstration that the AAA's allegedly biased behavior had the effect of tainting the arbitrator's neutrality. The closest that the Hoffbauers come to even arguing this point is their contention that the AAA failed to provide the arbitrator with the materials relating to their counterclaim for the purpose of leaving him uninformed with respect to their claim so that he would identify more strongly with Wayne Homes' theory of the case. But that alone does not support a conclusion that the arbitrator exhibited "evident partiality" towards Wayne Homes in conducting the arbitration proceedings or in rendering his decision and award. Because the Hoffabuers' advanced no other arguments that can be construed to suggest that the AAA's actions tainted the arbitrator's neutrality or that the arbitrator evinced any independent bias, R.C.2711.10(B) could not serve as a basis for vacating the arbitration award.
The Hoffbauers also relied on R.C. 2711.10(D)'s provision for vacating an arbitration award where an arbitrator has "so imperfectly executed [his powers] that a mutual, final, and definite award upon the subject matter submitted was not made." They contended that the arbitrator failed to fully consider or rule on their counterclaim for money damages. Although they did not claim that the arbitrator refused to hear specific evidence relating to the claim, they noted that, prior to the morning of the arbitration, the arbitrator was not even aware of the existence of the counterclaim because the AAA had failed to transmit their materials to him, and that, despite being informed of the counterclaim, he remained confused with respect to it throughout the arbitration. Finally, they noted that the arbitrator's decision failed to specifically address their counterclaim.
In response, Wayne Homes asserted that the Hoffbauers could not rely on R.C. 2711.10(D) to vacate the award given that (1) the arbitrator was made aware of their counterclaim prior to commencement of the arbitration hearing; (2) during the course of the arbitration, the arbitrator entertained the arguments and evidence put forth by the Hoffbauers on the counterclaim; and (3) the arbitrator's written decision specifically stated that the "[a]ward is in full settlement of all claims submitted" and that "[a]ll claims not expressly granted herein are, hereby denied.". We agree. Although we acknowledge that it may have been preferable for the arbitrator to rule on the Hoffbauers' counterclaim with more specificity or detail, absent a demonstration that he refused to hear evidence or argument on their counterclaim, his inclusion of the above-cited language was sufficient to determine the counterclaim with finality and definiteness. Accordingly, R.C2711.10(D) could not serve as the basis for vacating the award.
The Hoffbauers cited one final basis for vacating the arbitration award. They contended that the arbitrator acted improperly by accepting into evidence the affidavit of Wayne Homes' employee Bob Parsons. According to them, it was improper to admit the affidavit into evidence because they were not given the opportunity to review the affidavit or to cross-examine Parsons at the arbitration hearing. Accordingly, they contended that this action constituted "misbehavior" on the part of the arbitrator under R.C. 2711.10(C). Wayne Homes, on the other hand, contended that the arbitrator's acceptance of the affidavit into evidence was sanctioned by the rules of arbitration agreed to by the parties and did not, therefore, constitute misbehavior. As is explained more fully below, we need not determine whether the arbitrator's actions actually constituted misbehavior, given that the Hoffbauers failed to demonstrate that the alleged misbehavior resulted in prejudice.
The misbehavior of an arbitrator may only serve as the basis for vacating an arbitration award under R.C. 2711.10(C) if it results in prejudice. As we have previously noted, however, no record of the arbitration hearing was produced for the trial court's review. Without being able to review Parsons's affidavit and the transcript of the arbitration hearing, the trial court could not possibly determine whether the introduction of the affidavit was prejudicial to the Hoffbauers. Accordingly, R.C.2711.10(C) could not serve as the basis for vacating the award.
Because we have concluded that none of the bases cited by the Hoffbauers were sufficient as a matter of law to justify vacating the arbitration award, it follows that they failed to demonstrate a meritorious claim or defense as they were required to do under Civ.R. 60(B). For this reason, we conclude that the trial court abused its discretion in granting their motion for relief from judgment. Accordingly, we sustain Wayne Homes' sole assignment of error and reverse the trial court's judgment. We hereby reinstate the arbitration award and the trial court's original judgment confirming that award.[3]
 Doan, P.J., and Gorman, J., concur.
[1] Although Wayne Homes initially took issue with the Hoffbauers' use of Civ.R. 60(B)(5) as a means to vacate the arbitration award, it has subsequently conceded that the use of this procedure was appropriate given that the trial court's entry confirming the arbitration award was journalized before the Hoffbauers had the opportunity to seek to have the trial court vacate the award under R.C. 2711.13. Under these circumstances, Civ.R. 60(B) has not been used as a substitute for appeal. SeeWiley v. Gibson (1997), 125 Ohio App.3d 77, 707 N.E.2d 1151.
[2] See GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
[3] The trial court's entry of June 23, 1999, which amended its earlier entry of June 15, 1999, is the judgment to which we refer.