[Cite as *Deutsche Bank Trust Co. v. Fox*, 2012-Ohio-2855.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AS TRUSTEE FOR RALI 2006QA11 C/O GMAC MORTGAGE CORP., | : : : : : : | JUDGES: W. Scott Gwin, P.J. John W. Wise, J. Julie A. Edwards, J. |  |
|  | : | Case No. 11CA0065 |  |
| Plaintiff-Appellant | : : |  |  |
| -vs- | : | O P I N I O N |  |
| MICHAEL A. FOX, et al., |  |  |  |
| Defendants-Appellants |  |  |  |

CHARACTER OF PROCEEDING:    Civil Appeal from Licking County
                             Court of Common Pleas Case No.
                             09CV0205TMM

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 22, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

JEFFREY A. LIPPS                      JOHN SHERROD
DAVID A. WALLACE                      SARAH WILLIAMS
BARTON R. KEYES                       JUMP LEGAL GROUP, LLC
Carpenter Lipps & Leland LLP          2130 Arlington Avenue
280 Plaza, Suite 1300                 Columbus, Ohio  43221
280 North High Street
Columbus, Ohio  43215

*Edwards, J.*

{¶1} Appellant, Michael A. Fox, appeals a judgment of the Licking County Common Pleas Court overruling his motions for sanctions and for Civ.R. 60(B) relief from a foreclosure judgment issued in favor of appellee Deutsche Bank Trust Company as Trustee for Rali 2006QA11 c/o GMAC Mortgage Corp.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} In 2006, appellant signed a promissory note and mortgage to borrow $540,000 to purchase property at 10999 Jug Street in Johnstown, Ohio. The note was payable to Aegis Wholesale Corporation, and the mortgage was given to Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee and nominee for Aegis.

{¶3} Appellant defaulted on the loan and appellee filed a complaint in foreclosure on February 2, 2009. Attached to the complaint were the note, the mortgage, and an assignment of the mortgage dated January 26, 2009, executed by Jeffery Stephan on behalf of MERS.

{¶4} Appellee filed a motion for summary judgment supported by an affidavit of Stephan which averred that the note and mortgage were in default and that appellee was due principal in the amount of $537,024.92 plus interest at the rate of 7.375% from September 1, 2008.

{¶5} Appellant did not file a substantive response to the motion for summary judgment and filed no evidence to contradict the evidence in the Stephan affidavit. Appellant filed a Civ. R. 56(F) motion asking the court to defer ruling on the motion for summary judgment. The trial court granted summary judgment to appellee on April 27, 2009.

{¶6} On October 20, 2010, appellant filed a motion for sanctions pursuant to Civ. R. 56(G). In his motion for sanctions, he argued that Stephan had "robo-signed" thousands of affidavits in foreclosure cases without personal knowledge of the information in the affidavits. In a supplement to the motion for sanctions, appellant filed a copy of a June 7, 2010, deposition of Stephan from a case in Maine, in which Stephan admitted that he signed affidavits outside the presence of a notary, he did not inspect the exhibits attached to the summary judgment affidavits he signed, he did not read every paragraph of the affidavits he signed, and the process he followed in signing affidavits was in accordance with appellee's procedures. He also testified that he had no knowledge of how appellee ensures the accuracy of the data entered into the system.

{¶7} Appellant filed a Civ. R. 60(B) motion for relief from judgment on December 16, 2010. He argued that appellee had been sanctioned in Florida and in Maine for using the Stephan affidavits and that appellee had committed fraud on the court pursuant to Civ. R. 60(B)(5). The only evidence attached to the motion was an affidavit of appellant that he did not learn of GMAC's fraudulent activity with respect to this lawsuit until October, 2010, and had he known earlier, he would have sought the advice of an attorney sooner.

{¶8} The trial court held an oral hearing on both motions on May 17, 2011. No transcript of this hearing was requested or filed with this Court. The trial court overruled appellant's motions and he assigns three errors on appeal:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT IN THE FACE OF OVERWHELMING

EVIDENCE THAT THE AFFIDAVIT AND ASSIGNMENT PLAINTIFF-APPELLEE UTILIZED TO SUPPORT ITS MOTION FOR SUMMARY JUDGMENT WERE FRAUDULENT AND UNTRUE.

{¶10} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SANCTIONS, REASONABLE ATTORNEY'S FEES, AND EXPENSES PURSUANT TO CIV. R. 56(G).

{¶11} "III. THE TRIAL COURT ERRED IN RELYING ON TWO DECISIONS IN SIMILAR CASES FROM OTHER OHIO COURTS OF COMMON PLEAS AS 'AUTHORITY' AS OHIO COURTS OF COMMON PLEAS ARE BOUND BY THE DECISIONS OF THE OHIO DISTRICT COURTS, NOT OTHER COURTS OF COMMON PLEAS."

I

{¶12} In his first assignment of error, appellant argues that the court erred in overruling his Civ. R. 60(B) motion for relief from judgment.

{¶13} To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus (1976).

{¶14} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion.

*Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122(1987). The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983).

**{¶15}** Civ.R. 60(B) sets forth the manner in which relief may be granted:

**{¶16}** "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms that are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶17}** Civ. R. 60(B)(5) permits the trial court to vacate a judgment for any other reason justifying relief from judgment. However, the catchall provision of Civ.R. 60(B)(5) should only be used in extraordinary or unusual cases where substantial grounds exist to justify relief. *Wiley v. Gibson*, 125 Ohio App.3d 77, 707 N.E.2d 1151(1997), *Adomeit v. Baltimore*, 39 Ohio App.2d 07, 39 Ohio App.2d 97, 316 N.E.2d 469 (1974).

Furthermore, it applies only where a more specific provision of Civ.R. 60(B) does not apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1997).

{¶18} Appellant filed his motion pursuant to Civ. R. 60(B)(2) and (5), and concedes that his motion was untimely as to Civ. R. 60(B)(2).

{¶19} Appellant's allegations that Stephan signed the affidavit as a "robo-signer" without personal knowledge of the information he attested to sound in fraud or newly discovered evidence, which specifically are covered by Civ. R. 60(B)(2) and(3). Appellant's motion is untimely as to these provisions of the Rule, and Civ. R. 60(B)(5) cannot be used where a more specific provision of Civ. R. 60(B) applies. However, appellant argues that he is alleging fraud on the court, which is covered by Civ. R. 60(B)(5).

{¶20} The Ohio Supreme Court attempted to define the elusive concept of "fraud upon the court" in *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983):

{¶21} "'Fraud upon the court' is an elusive concept. 'The distinction between 'fraud' on the one hand and 'fraud on the court' on the other is by no means clear, and most attempts to state it seem to us to be merely compilations of words that do not clarify.' *Toscano v. Commr. of Internal Revenue* (C.A.9, 1971), 441 F.2d 930, 933.

{¶22} "One commentator, however, had provided this definition: 'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, *inter partes,* without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the

independent action'" 7 Moore's Federal Practice (2 Ed.1971) 515, Paragraph 60.33. See, also, *Serzysko v. Chase Manhattan Bank* (C.A.2, 1972), 461 F.2d 699; **812 *Kupferman v. Consolidated Research & Mfg. Corp.* (C.A.2, 1972), 459 F.2d 1072, 1078; *Kenner v. Commr. of Internal Revenue* (C.A.7, 1968), 387 F.2d 689, 691. Accord *Hartford v. Hartford* (1977), 53 Ohio App.2d 79, at pages 83-84, 371 N.E.2d 591.

{¶23} "It is generally agreed that '* * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense.' 11 Wright & Miller, Federal Practice and Procedure (1973) 253, Section 2870. Thus, in the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, *e.g.,* an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment. See *Toscano, supra." Id.* at 12, 448 N.E.2d at 811-812.

{¶24} In a supplement to his motion for sanctions, appellant attached an affidavit of Stephan given in a case in Maine. This affidavit is not authenticated. Further, it does not indicate in any way that the attorneys in the instant case committed fraud upon the court. There is no evidence to suggest that the attorneys, as officers of the court, actively participated in defrauding the court. Appellant's allegations sound in fraud pursuant to Civ. R. 60(B)(3) or newly discovered evidence pursuant to Civ. R. 60(B)(2).

{¶25} Further, the Third District Court of Appeals has held that allegations of "robo-signing" are akin to the traditional legal concept of fraud which is specifically addressed Civ. R. 60(B)(3), and Civ. R. 60(B)(5) cannot be used as a substitute for the more specific provisions of the Rule. *U.S. Bank National Assoc. v. Spicer*, 3rd Dist. 9-11-01, 2011-Ohio-3128, ¶42.

**{¶26}** We further find that appellant did not demonstrate that he had a meritorious defense to raise if relief were to be granted. Appellant argued in his motion that appellee was not the real party in interest. However, appellant did not raise this defense in his answer or in response to appellee's motion for summary judgment. If not raised in the initial pleading stage in the proceedings, the defense that a party is not the real party in interest is waived. *Id.* at ¶37. In addition, appellant presented no evidence that appellee was not the real party in interest but merely asserts that the document which established that appellee was the real party in interest, namely the Stephan affidavit, was potentially fraudulent because it was "robo-signed."

**{¶27}** The first assignment of error is overruled.

II

**{¶28}** In his second assignment of error, appellant argues that the court erred in overruling his motion for sanctions pursuant to Civ. R. 56(G):

**{¶29}** "Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

**{¶30}** There is a dearth of Ohio case law interpreting "bad faith" within the meaning of Civ. R. 56(G). However, in interpreting the corresponding Federal Rule, the Federal District Court for the Northern District of Ohio has held:

{¶31} "In the context of Rule 56(g), courts have found 'bad faith' only "'where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case.'" *See Sutton v. U.S. Small Bus. Admin.,* 92 Fed. Appx. 112, 118 (6th Cir.2003) (quoting *Jaisan, Inc. v. Sullivan,* 178 F.R.D. 412, 415-16 (S.D.N.Y. 1998)). Awarding sanctions under Rule 56(g) is "rare" and the conduct involved generally must be 'egregious.' *See Jaisan,* 178 F.R.D. at 415." *Abdelkhaleq v. Precision Door of Akron,* 653 F.Supp.2d 773, 787 (N.D. Ohio 2009).

{¶32} The federal court ultimately concluded that while the affidavit was not based on personal knowledge, submission of this affidavit did not rise to the level of bad faith required for an award of sanctions pursuant to Fed. Civ. R. 56(g). *Id.*

{¶33} Similarly, while appellant alleges that the affidavit was not made on Stephan's personal knowledge, nothing submitted by appellant in the instant case suggests that the affidavit contained perjurious or false allegations, or omitted facts central to the resolution of the case. Appellant has presented no evidence that any of the allegations in the Stephan affidavit in the instant case were in fact untrue. The trial court did not err in overruling the motion for sanctions pursuant to Civ. R. 56(G).

{¶34} The second assignment of error is overruled.

III

{¶35} In his final assignment of error, appellant argues that the trial court erred in relying on two Common Pleas Court cases as binding authority. This claim is without merit. While the trial court cites to two Common Pleas Court opinions in its decision, nothing in the trial court's judgment indicates that the trial court believed these opinions to be binding authority.

**{¶36}**  The third assignment of error is overruled.

**{¶37}**  The judgment of the Licking County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

                                        JUDGES

JAE/r0227

[Cite as *Deutsche Bank Trust Co. v. Fox*, 2012-Ohio-2855.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DEUTSCHE BANK TRUST          :
COMPANY AS TRUSTEE FOR RALI  :
2006QA11 C/O GMAC MORTGAGE  :
CORP.,                                 :
                                     :
          Plaintiff-Appellee    :
                                     :
                                     :
-vs-                                 :      JUDGMENT ENTRY
                                     :
MICHAEL A. FOX, et al.,        :
                                     :
          Defendants-Appellants   :      CASE NO. 11CA0065

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.

                                     _____

                                     _____

                                   _____

                                          JUDGES