[Cite as *Mancuso v. Buckeye Lending Solutions, L.L.C.*, 2016-Ohio-5171.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Michelle Mancuso, on behalf of herself
and others similarly situated

     Appellee

v.

Buckeye Lending Solutions, LLC, et al.

     Appellants

Court of Appeals No. E-15-021

Trial Court No. 2014-CV-0453

**DECISION AND JUDGMENT**

Decided:  July 29, 2016

* * * * *

Dennis E. Murray, Sr. and Donna J. Evans, for appellee.

John P. Gilligan, Steven D. Forry and Kevin Zeiher,
for appellants.

David A. Brown and Deanna L. Stockamp, for amicus curiae
Ohio Automobile Dealers Association.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** This is an appeal from the judgment of the Erie County Court of Common

Pleas, granting appellee's, Michelle Mancuso, as class representative, motion for relief

from judgment under Civ.R. 60(B)(5).

## A. Facts and Procedural Background

{¶ 2} On July 10, 2014, Mancuso filed a complaint against appellants, Buckeye Lending Solutions, LLC and Checksmart Financial, LLC, asserting individual claims for violation of the Ohio Consumer Sales Practices Act (OCSPA), invasion of privacy, and intentional infliction of emotional distress. Mancuso's claims stemmed from a dispute that arose in late-April 2014 after she borrowed money from appellants under a short-term loan. When Mancuso was unable to repay the debt on the due date, she requested an extension of time. Appellants allegedly "refused her request and began to harass [her] over the telephone both at home and at her workplace, making excessive telephone calls repeatedly throughout the day."

{¶ 3} In addition to her individual claims, Mancuso also brought a claim against appellants for violations of the OCSPA on behalf of a class defined as follows:

> All persons who obtained loans from Checksmart stores in Ohio at any time from July 11, 2012 to the present, who, while they were in default of payment, were subjected to repeated telephone calls from [appellants] for the purposes of collecting or attempting to collect on debts owed or purportedly owed to the Defendants.

{¶ 4} Six days later, Mancuso filed an amended complaint, in which she added additional claims for violations of the OCSPA individually and on behalf of a second class defined as follows:

2.

All persons who obtained loans from Checksmart stores in Ohio at any time from July 11, 2012 to the present, who, when said loans were due, were induced into rolling over or refinancing said loans for a fee, when said transaction did not reduce the borrower's indebtedness to Checksmart or reduce the finance charges due to Checksmart.

{¶ 5} On August 14, 2014, appellants responded to Mancuso's amended complaint by filing a motion under Civ.R. 12(B)(1) to dismiss or, alternatively, to stay proceedings and compel arbitration. In their motion, appellants argued that Mancuso's claims were subject to arbitration pursuant to the loan agreement that governed appellants' relationship with Mancuso and the classes. Relevant here, section 17 of the loan agreement provides, in part:

17. Agreement to Arbitrate Disputes:

a. Dispute Resolution by Arbitration ("Arbitration Agreement"): Any and all claims, controversies, or disputes arising out of or related in any way to this Agreement shall be subject to binding arbitration pursuant to the Federal Arbitration Act. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act (the "FAA"), 9 U.S.C. Section 1-18. This Arbitration Agreement applies to, without limitation, (1) all issues concerning the transaction described above; * * * and (4) any claims, controversies, or disputes that would otherwise be subject to class actions.

3.

This means that all claims, controversies or disputes that are the subject of class actions will also be subject to binding arbitration under the FAA and this Arbitration Agreement.

THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU OR US TO SERVE AS A PRIVATE ATTORNEY GENERAL, AS A REPRESENTATIVE, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

b. Consent to Arbitration. You and we understand and agree that you and we are choosing arbitration rather than litigation to resolve disputes. You and we understand that you and we have the right to litigate disputes but that you and we prefer to do so through arbitration. In arbitration, you may choose to have a hearing and be represented by counsel. THEREFORE, YOU UNDERSTAND THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, YOU VOLUNTARILY AND KNOWINGLY:

- WAIVE ANY RIGHTS TO HAVE A TRIAL BY JURY TO RESOLVE ANY CLAIM OR DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;

- WAIVE YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS COURT, RESOLVE ANY CLAIM OR DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; AND

- WAIVE YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.

{¶ 6} In appellants' view, all of Mancuso's claims, which related to certain collection activities, check-cashing fees, and the terms of the loan agreement, arose out of the loan agreement and, as such, were subject to the foregoing arbitration agreement and the Federal Arbitration Act cited therein.

{¶ 7} Mancuso did not oppose appellants' motion. Consequently, three weeks after receiving the motion, the trial court entered judgment in favor of appellants on their motion to stay the proceedings, thereby compelling the matter to arbitration.

{¶ 8} Almost two months later, Mancuso filed a motion for relief from judgment under Civ.R. 60(B)(5), seeking a lift of the trial court's stay and relief from the court's order compelling arbitration.[1] In her motion, Mancuso argued that she was entitled to relief from the trial court's order because the court failed to address the class claims and

---

[1] Mancuso did not appeal the trial court's order staying the proceedings and compelling the matter to arbitration.

the enforceability of the class action waiver contained in the arbitration agreement. On those issues, Mancuso contended that the classes' OCSPA claims were not subject to arbitration because they related to appellants' "unconscionable conduct in inducing the transaction," and not the contract itself. Further, Mancuso contended that the class action waiver in the arbitration agreement was unenforceable because it was against public policy as set forth in the OCSPA.

{¶ 9} In opposition to Mancuso's motion for relief from judgment, appellants first argued that the motion should be denied as untimely under Civ.R. 60(B) because Mancuso failed to provide the court with an explanation for the delay in challenging the motion to stay the proceedings. Additionally, appellants argued that Mancuso's motion was an improper substitute for a timely appeal, noting that the issues raised in the motion could have been raised on appeal. Further, appellants urged that the motion should be denied because Mancuso did not demonstrate a meritorious defense. Concerning Mancuso's argument that the trial court's order failed to address her class claims, appellants argued that the motion to stay expressly referenced "all of [Mancuso's] claims." Appellants also pointed out that the trial court did not differentiate between the individual claims and the class claims in directing the matter to arbitration.

{¶ 10} On March 3, 2015, the trial court granted, in part, Mancuso's Civ.R. 60(B) motion. In its decision, the court found that the motion was timely filed under the circumstances. The court also found that Mancuso was entitled to relief under Civ.R. 60(B)(5), and that she had a meritorious claim to present. The court's order went into

6.

some detail regarding the merits of Mancuso's challenge to the enforceability of the class action waiver within the arbitration agreement. The court agreed with Mancuso that the waiver was in contravention of Ohio public policy in that it "prevents a consumer from availing herself of all of the rights and remedies provided by the OCSPA."

## B. Assignment of Error

{¶ 11} Appellants have timely appealed the trial court's order granting Mancuso partial relief from judgment, asserting the following assignment of error:

> The trial court's March 3, 2015 Order (the "Judgment") was contrary to the Ohio Rule of Civil and Appellate Procedure, and violated the Federal Arbitration Act by refusing to enforce a valid and binding Arbitration Agreement.

## II. Analysis

{¶ 12} In their sole assignment of error, appellants argue that the trial court erred in granting Mancuso's motion for relief from judgment.

{¶ 13} We review the trial court's decision under Civ.R. 60(B) for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

7.

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

{¶ 15} "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Because we find the second prong of the *GTE* test determinative, we will limit our analysis to that prong.

{¶ 16} In her motion for relief from judgment, Mancuso argued that she was entitled to relief as class representative under the catchall provision of Civ.R. 60(B)(5), under which the court may relieve a party from a final judgment for "any other reason justifying relief from the judgment." The catchall provision should only be used in rare cases where substantial grounds exist to justify relief. *Wiley v. Gibson*, 125 Ohio App.3d 77, 81, 707 N.E.2d 1151 (1st Dist.1997). This court has previously stated that Civ.R. 60(B)(5) reflects the "inherent power of the court to relieve a party from the unjust operation of a judgment but cannot be used as a substitute for an appeal." *Magyar v. Lightning Rod Mut. Ins. Co., Inc.*, 6th Dist. Erie No. E-95-007, 1995 WL 604608, *5

8.

(Oct. 13, 1995), citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983).

{¶ 17} In support of her motion, Mancuso contended that she was entitled to relief from the trial court's order because the court failed to address (1) the class claims and (2) the enforceability of the class action waiver. The trial court agreed with Mancuso.

{¶ 18} On appeal, appellants argue, inter alia, that the motion should have been denied because the two arguments raised in the motion do not warrant relief under Civ.R. 60(B)(5) as they could have been raised on appeal or in opposition to appellants' motion to stay the proceedings.

{¶ 19} First, having reviewed the record, we reject Mancuso's contention that the trial court's order compelling arbitration failed to address the class claims. While the order did not specifically single out the class claims, it is clear that the order was broad enough to encompass all the claims brought by Mancuso in her complaint, including the class claims. This is readily apparent upon a review of appellants' motion to stay the proceedings, in which appellants sought a stay on all of Mancuso's claims.

{¶ 20} Turning to the enforceability of the class action waiver, we find that this argument, which challenges the propriety of the trial court's decision to compel the matter to arbitration on the merits, could have been raised on appeal or in a memorandum in opposition to appellants' motion for a stay before the trial court. "Rule 60(B) relief * * * is not available as a substitute for appeal, * * * nor can the rule be used to circumvent or extend the time requirements for filing an appeal." *Blasco v. Mislik*, 69 Ohio St.2d

9.

684, 686, 433 N.E.2d 612 (1982), citing *Town & Country Drive-In Shopping Centers, Inc. v. Abraham*, 46 Ohio App.2d 262, 266, 348 N.E.2d 741 (10th Dist.1975). Here, Mancuso failed in her obligation to timely present her opposition to the motion to dismiss/stay or file a timely notice of appeal of the trial court's decision compelling arbitration. This failure cannot form the basis for relief from judgment under Civ.R. 60(B)(5). Thus, we find that Mancuso has not demonstrated grounds for relief under Civ.R. 60(B), thereby failing to meet the second prong of the *GTE* test. As such, we conclude that the trial court abused its discretion when it granted Mancuso's motion for relief from judgment.

{¶ 21} Accordingly, appellants' assignment of error is well-taken.

### III. Conclusion

{¶ 22} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. The trial court's order granting Mancuso's Civ.R. 60(B) motion for relief from judgment is hereby vacated and this matter is stayed pending arbitration. Costs of this appeal are to be assessed to Mancuso pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                                       JUDGE

Stephen A. Yarbrough, J.

                                            _____

James D. Jensen, P.J.                    JUDGE
CONCUR.

                                            _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.