### Wiley v. Gibson
*[Cite as 8 AOA 19]*

*Case No. C-890676*
*Hamilton County, (1st)*
*Decided November 28, 1990*

Nanci L. Gabbard, and Kelly Farrish, 601 Main Street, Cincinnati, Ohio 45202, for Plaintiffs-Appellants.

Thomas M. Evans, Rendigs, Fry, Kiely & Dennis, 900 Central Trust Tower, Cincinnati, Ohio 45202, for Defendant-Appellee.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the briefs and the arguments of counsel.

On December 17, 1986, plaintiffs-appellants Lonnie J. Wiley and Shelley Wiley filed suit against defendant-appellee Dr. Reginald A. Gibson. The complaint alleged that the defendant negligently administered a local anesthetic to Lonnie Wiley ("plaintiff") and, in addition, failed to obtain the plaintiff's informed consent before attempting the procedure. Shelley Wiley, the plaintiff's spouse, brought forth a claim for loss of consortium. After filing his answer, the defendant moved for summary judgment. Following oral arguments on the motion, the trial court granted summary judgment on September 20, 1989.

In this appeal, the plaintiff asserts two assignments of error. The first alleges that the trial court erred in refusing to apply the doctrine of res ipsa loquitur to the facts of this case. The second assignment argues that the trial court erred in granting summary judgment to the defendant. We find both assignments to be well taken.

On December 19, 1985, the plaintiff saw the defendant for the seating of a bridge. As part of this procedure, the defendant administered four to five injections of an anesthetic into the plaintiff's lower right jaw. The plaintiff immediately felt a sharp stabbing pain in his ear and developed an increased heart rate, an involuntary back-and-forth movement of his tongue, and numbness of his mouth and tongue. Although the plaintiff had received injections of anesthetic from the defendant several times in the past, this was the first such reaction. The paresthesia of the plaintiff's right face and tongue has become permanent.

Due to the nature of the two assignments of error, we will address them together. The doctrine of *res ipsa loquitur* is a rule of evidence which permits the trier of fact to infer negligence from the facts presented. Such a finding of negligence is not mandatory, but is merely permissible. *Morgan v. Children's Hospital* (1985), 18 Ohio St. 3d 185, 480 N.E.2d 464; *Jennings Buick, Inc. v. Cincinnati* (1980), 63 Ohio St. 2d 167, 406 N.E.2d 1385.

Two requirements must be met by the plaintiff to warrant the application of *res ipsa loquitur*. The plaintiff must adduce evidence to show (1) that the instrumentality causing the injury was under the exclusive control of the defendant and (2) that the circumstances were such that the injury would not have occurred if ordinary care had been used. *State v. Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 262 N.E.2d 703.

On the record before this court, we find that there is a sufficient basis for the application of the doctrine of *res ipsa loquitur*. The evidence demonstrates that the instrumentality causing the injury to the plaintiff was the final injection of the local anesthetic and that the injection was solely under the control of the defendant. The trial court's finding that there existed variables which were outside of the defendant's exclusive control, namely the plaintiff's physical frailties and natural reactions, is not supported by any evidence in the record before the court on the motion for summary judgment. In fact, the evidence would indicate otherwise since the plaintiff had received injections of local anesthetic from the defendant on previous occasions with no ill effect. Therefore, the first requirement for the application of *res ipsa loquitur*, that the instrumentality be under the defendant's exclusive control, is met.

With respect to the remaining aspect of the doctrine, the plaintiff offered the deposition of an expert who explained the proper procedure for administering an injection of anesthetic along the mandible. The expert further testified that the only way to create permanent damage to the trigeminal nerve, resulting in paresthesia of the face and tongue, is by improper technique in the injection of the nerve with a needle. We hold that this testimony is sufficient to meet the second requirement for the application of *res ipsa loquitur*, that the injury would not, under the circumstances, have occurred had ordinary care been observed.

The defendant argues that the plaintiff's expert did not explicitly criticize the defendant's technique in administering the injection and that if *res ipsa loquitur* was, indeed, applicable, the expert would have naturally concluded that the defendant's actions constituted negligence. The defendant reasons that because the plaintiff's expert did not specifically criticize the defendant's technique, the plaintiff has failed to meet the second requirement for the application of the doctrine. The defendant's argument is not compelling.

It is true that the expert did not explicitly state that he believed the defendant was negligent in his administration of the anesthetic to the plaintiff. Nevertheless, his testimony is sufficient to establish that paresthesia of the face and tongue does not ordinarily occur if an injection of an anesthetic along the mandible is properly administered with ordinary care. The plaintiff has, therefore, met both prerequisites for the application of the doctrine of *res ipsa loquitur* to these facts.

Before a defendant's motion for summary judgment may be granted, it must be demonstrated that no genuine issue of material fact exists and that the evidence, when construed most strongly in the plaintiff's favor, leads to but one conclusion, in favor of the defendant. Civ. R. 56(C). If reasonable minds can come to different conclusions, the motion should be overruled. *Hounshell v. American States Insurance Co.* (1981), 67 Ohio St. 2d 427, 424 N.E.2d 311; *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 364 N.E.2d 267.

We conclude that the trial court erred by refusing to consider the application of the doctrine of *res ipsa loquitur* to the facts of this case. The plaintiff has met the prerequisites established in *Hake v. Wiedemann Brewing Co.*, *supra*, for its use. The application of *res ipsa loquitur* to the present case creates factual issues and, therefore, the trial court should have overruled the defendant's motion for summary judgment.

The judgment of the trial court is reversed and the case remanded for further proceedings not inconsistent with this decision.

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, J.J.