OPINION
This appeal involves a premises liability and negligence action brought by Mark and Christine Shumway, ("Appellants"), against Seaway Food Town, Inc., ("Seaway"), for personal injuries and medical expenses incurred by Appellants after a slip and fall accident at the Seaway Food Town grocery store in Crestline, Ohio. Appellants are appealing a judgment from the Court of Common Pleas of Crawford County granting summary judgment in favor of Seaway. This case was originally assigned to the accelerated docket; however, because of the issues raised herein, we issue the following opinion pursuant to Loc.R. 12(5).
On the evening of December 6, 1994, Mark Shumway and his stepson, Michael Tom, entered the Seaway Food Town to pick up some groceries. Shumway was in the meat section of the store, near the freezer, when he slipped and fell. Although Shumway stated in his deposition testimony that he was knocked unconscious and did not know what caused his fall, Tom stated in his deposition that Shumway slipped on some liquid on the floor "coming out" by the meat freezer. Tom further stated that he overheard a Seaway cashier telling another employee that the store had previously had trouble with the meat freezer leaking.
On January 17, 1996, Mark and his wife, Christine Shumway, filed a complaint in the Court of Common Pleas of Crawford County seeking redress for injuries resulting from Mark Shumway's slip and fall accident. Appellants' alleged that Seaway failed to keep its premises in a reasonably safe condition for business invitees. The complaint also alleged Seaway was negligent in permitting and allowing liquid to collect on their floor, in failing to remove the liquid, and in failing to properly maintain the floor in a clean and safe condition. Seaway answered the complaint on January 30, 1996 denying these allegations. Seaway subsequently filed a motion for summary judgment with accompanying affidavits on January 2, 1997. The following month, Appellants filed a brief in opposition to Seaway's motion for summary judgment.
On September 2, 1997, the trial court granted Seaway's motion for summary judgment, finding that Appellants had failed to present any evidence that the hazardous condition was caused by a Seaway employee, that Seaway had any notice of the hazardous condition or that there was some preexisting problem with the meat freezer. Appellants filed a timely appeal of the trial court's decision, asserting three assignments of error, all of which challenge the trial court's decision to grant summary judgment to Seaway.
In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the nonmoving party, there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The burden of demonstrating that no genuine issue exists as to any material fact rests upon the party making the motion. Id. Once this burden is met, the responsibility shifts to the nonmoving party to produce evidence showing that there is a genuine issue for trial. Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus, (limited by Dresher v. Burt (1996),75 Ohio St.3d 280) (finding paragraph three in Wing
too broad in that it failed to account for the initial burden placed upon a moving party to demonstrate the absence of genuine issues of material fact pursuant to Civ.R. 56.); See Civ.R. 56(E). A motion for summary judgment must be denied where a genuine issue of material fact exists, where competing reasonable inferences may be drawn from undisputed underlying evidence, or where the facts present are uncertain or indefinite. Duke v. Sanymetal Products Co.
(1972), 31 Ohio App.2d 78, 81. We find in this case that summary judgment was properly granted in favor of Seaway.
Assignment of Error No. I
 The trial court committed prejudicial error in not admitting into evidence the statements of the store employee as evidence that the meat freezer in question had leaked in the past.
A factual issue raised in Appellants' complaint was whether the liquid upon which Mark Shumway apparently slipped came from Seaway's meat freezer. In order to demonstrate a genuine issue of fact for trial on this issue, Appellants, through the deposition of Michael Tom, attempted to bring in the statement of an unnamed Seaway cashier who was overheard by Tom to say that the store freezer had leaked in the past. The trial court excluded this statement as hearsay when determining the motion for summary judgment. Appellants contend that under Evid.R. 801(D)(2)(d), the statement of the employee should not be considered hearsay since it is a statement made by a party's agent or servant concerning a matter within the scope of his or her agency or employment and instead should have been considered by the trial court as evidence which created a material fact in dispute.
Evid.R. 801(D)(2)(d) states:
 (D) Statements which are not hearsay.
A statement is not hearsay if:
* * *
 (2) Admission by party-opponent. The statement is offered against a party and is * * * (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship * * * .
Assuming, as Tom attested, that the Seaway cashier did in fact make the remark that the freezer had been giving the store problems, the relevant question becomes whether this statement pertains to matters within the cashier's scope of employment. The only evidence in the record that sheds light on an answer is the affidavit of Michael Blaising, the manager of the Seaway Food Town in Crestline, Ohio. He stated that the entire store is inspected by employees as they stock food or perform other duties throughout the store and any spills or leaks are cleaned up immediately. We find no indication from the evidence that cashiers would be responsible for making rounds or stocking shelves. In fact, the affidavit of Janice Yoke, a Seaway employee, stated she was stocking the meat freezer the evening of Mark Shumway's fall. Yoke would be the prime example of an employee whose scope of employment included noticing freezer leaks or liquids on the floor in the freezer area. Yoke stated she did not notice any leaks or spills near the freezer when she walked through the area shortly before Shumway's fall. Blaising's affidavit also specifically stated that baggers and checkers are not involved in the maintenance of the store's food storage equipment. Consequently, even if we believe Tom's deposition testimony, there is no indication that the cashier was speaking of matters within the scope of her employment when she stated the freezer had been giving the store problems. We cannot say that the trial court abused its discretion in finding that the statements purportedly made by the cashier failed to qualify as a statement made by a party opponent under Evid.R. 801(D)(2)(d). Appellants' first assignment of error is overruled.
Assignment of Error No. II
 The trial court committed prejudicial error by not finding that there was sufficient evidence to raise a question of fact whether or not the Defendant had notice of the hazardous condition.
Generally, the duty owed by a proprietor to his business invitees is one of ordinary care to insure their safety. S.S.Kresge Co. v. Fader (1927), 116 Ohio St. 718, paragraph one of the syllabus. While store owners owe a duty of ordinary care to their customers, proprietors are not insurers against all accidents and injuries to customers in their store. Id.; Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, 589.
In a "slip and fall" case, Appellants must show one of the following to avoid summary judgment: (1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) the defendant through its officers or employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that the hazard had existed for a sufficient length of time as to warrant the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. Johnson,141 Ohio St. at 589.
Appellants argue in their second assignment of error that based on the statements of the unnamed cashier as overheard by Tom, Seaway had actual notice of the freezer's propensity to leak. Since we have already concluded that any purported statement made by the cashier regarding the leaky freezer was hearsay, we must disregard this argument. Furthermore, we find no other evidence in the record to support the claim that Seaway had actual notice of a freezer leak.
Appellants also claim that Seaway should be imputed with constructive notice of the hazardous condition. Appellants argue that had Seaway taken ordinary care to protect their customers by making periodic inspections of their floors, it would have noticed the liquid on the floor in the freezer area. The fact that Seaway did not notice the liquid within a sufficient amount of time is attributable to a lack of ordinary care on Seaway's part.
The evidence in the record reveals that Shumway's accident occurred shortly after 8:30 p.m. on December 6, 1994. This time is established only through the affidavits submitted by Seaway of Michael Blaising and Charlotte Campbell, a customer in the store at the time of the accident.
According to Seaway's employee, Janice Yoke, she walked passed the meat cases "between 8:00 p.m. and 8:15 p.m." and again "a few minutes after 8:15 p.m." without seeing any leaks in the area or any liquid on the floor.
Furthermore, Campbell also attested that she saw two young children sloshing their drinks around in the meat department shortly before 8:30 p.m. Campbell stated that when she left the area she noted some clear liquid on the floor where the children had been, but did not report the liquid to any Seaway employee. When Campbell return to the meat section minutes after 8:30 p.m., she saw Appellant fall in this area and attributed the accident to the liquid that was left behind by the children.
This evidence differs from Michael Tom's opinion that the fall was caused by liquid coming from the freezers. Tom also indicated that he did not notice the liquid on the floor until after the accident which establishes that the liquid was on the floor sometime after 8:30 p.m. .
Whether the liquid in this case originated from the freezer as Tom stated or from the children as Campbell believed, the only conclusion to be drawn from the unrebutted evidence relating to time sequences is that the liquid on the floor was not present until moments before Shumway's accident. Moreover, it cannot be said that so much time elapsed from the time Yoke walked through the meat area to the time of the accident that Seaway should be imputed with constructive notice of the liquid. Consequently, we overrule Appellants' second assignment of error.
Assignment of Error No. III
 The trial court committed prejudicial error by not finding that there was evidence sufficient to raise a question of fact at [sic] to whether or not the Defendant was the creator to [sic] the hazardous condition.
In support of this assignment of error, Appellants appear to argue that since there is a disputed question of fact about the cause of the hazardous condition, they are entitled to escape summary judgment. In the trial court, Seaway argued that there was no evidence that it had been negligent. Appellants invoked the doctrine of res ipsa loquitur to establish Seaway's negligence. Under the doctrine of res ipsa loquitur Appellants contend that the instrumentality which caused the injury, the freezer, was under the exclusive management and control of Seaway and that the injury occurred under circumstances that in the ordinary course of events would not occur if ordinary care had been observed. See Morgan v. Children's Hospital (1985), 18 Ohio St.3d 185,188. Appellants point to Tom's deposition wherein he states that Shumway fell on liquid "from the freezer coming out."
Appellants seem to confuse the burden to demonstrate an issue of fact regarding their negligence claim in order to defeat a motion for summary judgment with the trial court's determination of law regarding whether or not res ipsa loquitur applies to their case.
 The doctrine of res ipsa loquitur is not a theory of tort liability; rather, it is a doctrine of evidence which permits a plaintiff to prove negligence circumstantially upon a showing that the instrumentality which caused the harm was in the exclusive control of the defendant and that the event which caused the harm was not of the type of event that would normally occur in the absence of defendant's negligence.
Kniskern v. Somerford Twp. (1996), 112 Ohio App.3d 189, 198, citing Wiley v. Gibson (1990), 70 Ohio App.3d 463, 465. Whether sufficient evidence has been established to warrant application of the rule is a question of law left to the trial court. Hake v.Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, syllabus.
In this case, Appellants have failed to produce evidence demonstrating with any certainty the cause of the accident and have failed to show that the instrumentality causing the injury was under the exclusive control of the defendant. Appellants claim that Mark Shumway slipped on a puddle of liquid emanating from the store freezer; however, Seaway produced the affidavit of Charlotte Campbell which presents the possibility that Shumway slipped on liquid left behind by a spilled children's drink. Where two equally efficient and probable causes of an injury exist, one of which is not attributable to the defendant, res ipsaloquitur does not apply. Jennings Buick, Inc. v. Cincinnati
(1980), 63 Ohio St.2d 167, 171. Consequently, the doctrine resipsa loquitur does not apply in this case.
Furthermore, the dispute as to the cause of the hazardous condition is not a disputed fact which will save Appellants from summary judgment. The facts as to the cause of the hazardous condition are analyzed to determine if the evidentiary doctrine ofres ipsa loquitur can apply. Since we have determined that resipsa loquitur is not available to Appellants in this case, Appellants are unable to establish the negligence of Seaway and there is no need for further proceedings. Appellants' third assignment of error is overruled.
Upon consideration of the foregoing assignments of error, this court finds that there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of Appellants, reasonable minds can only conclude that Seaway did not violate its duty of ordinary care and, therefore, is entitled to judgment as a matter of law.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and BRYANT, JJ., concur.