OPINION
The plaintiffs, G. William and Constance A. Fox, commenced this action in the Court of Common Pleas of Montgomery County claiming damages from the defendant, Franciscan Medical Center, for alleged negligence. Specifically, Mr. Fox alleges that an employee of Franciscan, during his preparation of Fox for prostate surgery, negligently inserted a needle into his left hand and thus caused the permanent loss of its strength and use.
After the issues were drawn by the pleadings and discovery completed, the defendant moved for summary judgment on the ground that the plaintiffs had no expert witness available to testify as to any deviation from the accepted standard of care in the medical profession or to testify as to any causal connection between the alleged negligence and injuries.
Thereafter, the plaintiffs opposed the defendant's motion arguing that the doctrine of res ipsa loquitur was determinative of the critical issue in the case, and that no expert medical testimony was necessary in the application of such doctrine to the facts of this case. The defendant, of course, argued to the contrary, and in a written decision entered on January 21, 2000, the Common Pleas Court sustained the motion filed by Franciscan Medical Center.
In this court, the plaintiffs-appellants allege that "the trial court erred in granting summary judgment", and in support of their only alleged error, they apparently rely heavily upon the case of Wiley v. Gibson (1990), 70 Ohio App.3d 463, where the doctrine of res ipsa loquitur was applied in a dental malpractice action. In that case, however, the plaintiff did submit the deposition of an expert who testified "that the only way to create permanent damage to the trigeminal nerve, resulting in paresthesia of the face and tongue, is by improper technique in the injection of the nerve with a needle." There, the expert testimony supported a reasonable inference of negligence, but no similar explanation was proposed by an expert in this case for the purpose of giving credence to the applicability of the doctrine of res ipsa loquitur.
In fact, no medical testimony was suggested herein to show that the injury to the hand would not have occurred if ordinary care had been used. See Hake v. George Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65. Hence, the Wiley case, upon which the plaintiffs rely, has no more than peripheral application to the facts of the present case.
More applicable here, in our opinion, is the case of Johnson v. Hammond (1988), 47 Ohio App.3d 125, where the court concluded, after a discussion of the same issue now before us, that "the doctrine of res ipsa loquitur does not relieve the plaintiff in a medical malpractice case of the burden of presenting expert medical testimony on the requisite standard of care and skill." In that case, as in the present case, the plaintiffs contended that the doctrine of res ipsa loquitur, which is only a rule of evidence, relieved them of their burden of presenting expert medical evidence.
In this action, the plaintiffs were required to show a standard of care within the medical community, a breach of that standard of care by the defendant hospital, and a proximate relationship between the medical negligence and the injuries to Fox's left hand. See Ramage v. Central Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97 . Without expert medical testimony, however, Mr. and Mrs. Fox cannot meet the burden of proving their case, and for this reason, their assigned error must be overruled.
We are not unaware of the severe restrictions imposed upon motions for summary judgment. Civ.R. 56; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. But neither does anything appear from this record to justify any departure from the comprehensive analysis and conclusion of the Common Pleas Court.
Hence, the judgment will be affirmed.
WOLFF, PJ., and GRADY, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).