OPINION
Plaintiffs/appellants, Central Insurance Co. and Lehmann's Furniture, appeal a decision of the Allen County Court of Common Pleas granting summary judgment in a negligence action in favor of defendants/appellees, R. McDonald, Inc., et al. For the reasons that follow, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. On April 11, 1998, a fire occurred at the premises of R. McDonald, Inc. located at 126 N. Main Street in Delphos, Ohio. At the time of the fire, R. McDonald, Inc. was purchasing the property from John and Ruth Sheeter under a land contract. A business known as the Star Cafe was located on the building's ground floor, and R. McDonald rented out apartments on the second and third floors. As the fire grew, it spread to the adjacent building located at 130 North Main Street owned by Lehmann's Store, Inc.
Central Insurance provided insurance coverage to Lehmann's and paid Lehmann's for the damages resulting from the fire. On March 28, 2000, Central Insurance filed a complaint against R. McDonald alleging negligence. The complaint was later amended to include as defendants Ruth and John Sheeter.
The trial court issued a scheduling order setting a deadline for the parties to file for summary judgment by June 15, 2001. Thirty days were allowed for response to the motion, and ten days were allowed for the moving party's reply. R. McDonald filed its motion for summary judgment on March 13, 2001. Central Insurance filed their response to the motion on March 26, 2001. On April 3, 2001, R. McDonald timely mailed its reply memorandum; however, before the reply was received the trial court filed its initial judgment entry denying summary judgment on April 3, 2001.
Central Insurance then filed a motion for reconsideration and its renewed motion for summary judgment, which was granted, dismissing all claims against R. McDonald. An appeal was filed which this Court dismissed for lack of jurisdiction for failure to dispose of all claims against all parties pursuant to R.C. 2505.02.[1] On remand, the trial court dismissed all claims and found R. McDonald, John and Ruth Sheeter, and all John Does entitled to summary judgment.
The appellants now appeal asserting one assignment of error.
 ASSIGNMENT OF ERROR The Trial Court erred as a matter of law in granting Appellees' Motion for Summary Judgment as the Court must follow the standard set forth in Ohio Civil Rule 56(c), which provides that the evidence must be construed in the light most favorable to the nonmoving party, and where genuine issues of material fact are in dispute, summary judgment must be denied.
 In its sole assignment of error, the appellants contend that the trial court failed to recognize that there were genuine issues of material fact that existed as to whether or not the doctrine of res ipsa loquitor applied to the present case.
In considering an appeal from the granting of a summary judgment, our review is de novo, giving no deference to the trial court's determination.[2] Accordingly, we apply the same standard for summary judgment as did the trial court.[3] Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.[4] The initial burden in a summary judgment motion lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims.[5] Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.[6]
Under the doctrine of res ipsa loquitor, the appellants contend that the instrumentality which caused the injury, an electrical conduit, was under the exclusive management and control of R. McDonald's and that the injury occurred under circumstances that in the ordinary course of events would not occur if ordinary care had been observed. For their argument, the appellants rely on the deposition of Joel Penton, a claims adjuster for Central Insurance, in which he states what Wayne Suever, the Fire Chief of the City of Delphos, thought was the fire's cause. Mr. Penton stated: "[Wayne Suever] told me that he was, believed that it originated in the electrical conduit that ran through a chase * * *. He was convinced it was not an arson case."
The doctrine of res ipsa loquitor is a rule of evidence that permits a plaintiff to prove negligence circumstantially upon showing that (1) the instrumentality that caused the harm was in the exclusive control of the defendant and (2) the event that caused the harm was not of the type that would normally occur in the absence of the defendant's negligence.[7]
The trial court determines whether sufficient evidence has been established to warrant application of the rule, subject to review on appeal.[8]
In the present case, the appellants have failed to produce evidence demonstrating with any certainty the cause of the accident and have failed to show that the instrumentality causing the injury was under the exclusive control of the appellees. The appellants claim that the fire began in the electrical conduit; yet, their only evidence of this was an inadmissible hearsay statement offered in the deposed testimony of Mr. Penton.[9] The appellees produced affidavits which included the report of Dennis Cupp of the Division of State Fire Marshall, and the report of John Yust, a fire investigator for O.C.A. Consultants, Inc. Both Mr. Cupp's and Mr. Yust's investigations concluded that the exact cause and origin of the fire could not be determined.
In total, the appellants have offered no evidence in support of applying the evidentiary doctrine of res ipsa loquitor to their case. Since we have determined that res ipsa loquitor is not available to the appellants, the appellants are unable to establish the negligence of the appellee and there is no requirement for further proceedings. The appellant's assignment of error is overruled.
Upon consideration of the foregoing assignment of error, this Court finds that there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the appellants, reasonable minds can only conclude that the appellees did not violate their duty of ordinary care and, therefore, are entitled to judgment as a matter of law.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] Central Insurance. Co., et al. v. R. McDonald, Inc. et al. (Dec. 20, 2001), 3rd. Dist. No. 1-01-84.
[2] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[3] Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829.
[4] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-87.
[5] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[6] Civ.R. 56(C).
[7] Kniskern v. Somerford Twp. (1996), 112 Ohio App.3d 189, 198, citing Wiley v. Gibson (1990), 70 Ohio App.3d 463, 465.
[8] Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 67.
[9] Civ.R. 56(E).