[Cite as *Minter v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7023.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK A. MINTER, JR.

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2008-09384

Judge Joseph T. Clark
Magistrate Steven A. Larson

<u>DECISION</u>

**{¶ 1}** This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

**{¶ 2}** On August 25, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 28, 2009, plaintiff filed a cross-motion for summary judgment pursuant to Civ.R. 56(A). On September 10, 2009, plaintiff filed a response to defendant's motion, and on September 14, 2009, defendant filed a response to plaintiff's motion. On October 22, 2009, an oral hearing was held on the motions.

**{¶ 3}** Civ.R. 56(C) states, in part, as follows:

**{¶ 4}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as

stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 5}** At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Lorain Correctional Institution (LorCI) pursuant to R.C. 5120.16. It is undisputed that on September 5, 2006, plaintiff was attempting to climb into the upper bunk in his cell by placing his foot on the frame of the lower bunk when a weld on the frame broke and he fell to the ground and was injured. Plaintiff alleges that defendant knew or should have known that the bunk presented a hazard in light of previous "work orders" issued for other beds at LorCI. Plaintiff asserts that the doctrine of res ipsa loquitur applies to this case.

**{¶ 6}** Defendant argues that it did not have notice of a problem with the lower bunk in plaintiff's cell and that it was not foreseeable that a weld would break while plaintiff was attempting to climb into the upper bunk.

**{¶ 7}** In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Defendant owed plaintiff the common law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482. Reasonable care is that which would be utilized by an ordinarily prudent person under similar circumstances. *Murphy v. Ohio Dept. of Rehab. &* Corr., Franklin App. No. 02AP-132, 2002-Ohio-5170, ¶13. A duty arises when a risk is reasonably foreseeable. *Menifee*, supra, at 75.

**{¶ 8}** While the court is cognizant of a "special relationship" between an inmate and his custodian, no higher standard of care is derived from the relationship. *Clemets v. Heston* (1985), 20 Ohio App.3d 132. The state is not an insurer of the safety of its prisoners; however, once it becomes aware of a dangerous condition in the prison, it is

required to take the degree of reasonable care necessary to protect the prisoner from harm. Id. Moreover, plaintiff bears the burden of proof to demonstrate that defendant had notice, either actual or constructive, of a hazard. *Williams v. Ohio Dept. of Rehab.& Corr.* (1991), 61 Ohio Misc.2d 699, 702-703. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198.

{¶ 9} The doctrine of res ipsa loquitur is a rule of evidence that permits plaintiff to prove negligence circumstantially upon showing that: 1) the instrumentality that caused the harm was in the exclusive control of defendant; and 2) the event that caused the harm was not of the type that would normally occur in the absence of negligence. *Wiley v. Gibson* (1990), 70 Ohio App.3d 463.

{¶ 10} In support of his motion, plaintiff provided his own affidavit and a copy of a "work order" log[1] from July 13, 2006, to September 11, 2006, which shows that 14 "work orders" were placed for "bed repairs" in LorCI; however, none of them were for plaintiff's cell. Plaintiff argues that the work orders put defendant on notice that there was a problem with the bunks at LorCI. At the hearing, defendant argued that there are more than 1,600 bunks at LorCI and that 14 non-specific work orders for bunks over a roughly two-month period does not constitute notice that there was a problem with the bunks in plaintiff's cell.

{¶ 11} In support of its motion, defendant provided the affidavit of Ronald Armbruster, the Inspector of Institutional Services at LorCI. Armbruster states that all of the bunks at LorCI were installed new in 1998; that plaintiff never filed any complaint regarding the condition of the bunks in his cell; and that records of quarterly and weekly inspections of plaintiff's cell did not reveal any defect.

{¶ 12} With regard to plaintiff's argument that the doctrine of res ipsa loquitur should apply to this case, the court finds that the doctrine is inapplicable because the

---

[1]Defendant did not dispute the authenticity of the log.

bunk in question was not in the "exclusive control of defendant" inasmuch as plaintiff and his cellmate both had access to it and used it on a daily basis.

{¶ 13} Furthermore, the court finds that defendant did not have actual notice of a potential hazard presented by the lower bunk in plaintiff's cell.  The court also finds that the small number of general "bed repairs" that was ordered at LorCI in the months prior to the incident is not sufficient to give rise to constructive notice that the lower bunk in plaintiff's cell would fail.  The court finds that the risk presented by such lower bunk was not "reasonably foreseeable" and thus defendant did not owe plaintiff a duty to protect him from that risk.  Accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK A. MINTER, JR.

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2008-09384

Judge Joseph T. Clark
Magistrate Steven A. Larson

JUDGMENT ENTRY

An oral hearing was conducted in this case upon the parties' motions for summary judgment.  For the reasons set forth in the decision filed concurrently

herewith, plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Kristin S. Boggs                          Terry R. Jennrich
William C. Becker                         1370 Ontario Street, #1220
Assistant Attorneys General               Cleveland, Ohio 44113
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

MR/cmd
Filed November 17, 2009
To S.C. reporter December 29, 2009