[Cite as *Caruthers v. Univ. of Akron*, 2010-Ohio-5903.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT TODD CARUTHERS

     Plaintiff

     v.

UNIVERSITY OF AKRON

     Defendant
     Case No. 2009-06141-AD

Judge Clark B. Weaver Sr.

ENTRY REVERSING ADMINISTRATIVE DETERMINATION

{¶ 1}  This case came to be heard by the court upon defendant's motion for court review of the clerk's determination pursuant to R.C. 2743.10(D).  On November 10, 2009, the deputy clerk issued an order compensating plaintiff for damages caused to his vehicle when it was struck by a malfunctioning traffic gate arm while he was attempting to exit a parking lot on defendant's campus.  The deputy clerk found that the traffic gate and the mechanism which operated it were under the exclusive control of defendant, and that defendant was therefore liable for any malfunction that caused damage.

{¶ 2}  On December 10, 2009, defendant filed its motion for court review.  In the motion, defendant asserts that the deputy clerk applied the incorrect legal standard.

{¶ 3}  In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 4} "In premises liability situations, the duty owed by a landowner to individuals visiting the property is determined by the relationship between the parties." *Chovan v. Dehoff Agency, Inc.*, Stark App. No. 2009 CA 00114, 2010-Ohio-1646, ¶19, citing *Light v. Ohio University* (1986), 28 Ohio St.3d 66. "[B]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light* at 68. Plaintiff established that he used a "key card" to activate the gate arm, that the arm then raised, and as he started to drive out of the parking lot the gate arm descended, striking his vehicle.

{¶ 5} The court finds that plaintiff had the status of an invitee, and, accordingly, that defendant owed him a duty to exercise reasonable care in keeping the premises in a safe condition and warning him of any latent or concealed dangers of which defendant had knowledge. *Perry v. Eastgreen Realty Company* (1978), 53 Ohio St.2d 51, 52-53; *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31; *Sweet v. Clare-Mar Corp., Inc.* (1987), 38 Ohio App.3d 6.

{¶ 6} Plaintiff bears the burden of proof to demonstrate that defendant had notice, either actual or constructive, of a hazard. *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702-703. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 7} In the memorandum decision, the deputy clerk noted that plaintiff had provided evidence that two other individuals sustained damage to their vehicles from malfunctioning gate arms at parking lots located on defendant's premises: one incident occurred on July 17, 2009, another on July 21, 2009. However, plaintiff's incident

occurred on June 18, 2009, prior to the other occurrences.   Therefore, the other incidents cannot be used to establish notice of the defective gate arm.

{¶ 8}   The doctrine of res ipsa loquitur is a rule of evidence that permits plaintiff to prove negligence circumstantially upon showing that:   1) the instrumentality that caused the harm was in the exclusive control of defendant; and 2) the event that caused the harm was not of the type that would normally occur in the absence of negligence. *Wiley v. Gibson* (1990), 70 Ohio App.3d 463.

{¶ 9}   Upon careful consideration of the material contained in the case file and the decision of the deputy clerk, the court finds that there is substantial error in the decision.  Specifically, the deputy clerk's finding on page 4 of the memorandum decision that "[t]he traffic gate and the mechanism which governs it is under the exclusive control of defendant" and, "[t]hus, defendant will be liable for any malfunction which causes damage" is not supported by the evidence.  The court finds that the doctrine of res ipsa loquitur is inapplicable because the traffic gate arm was not under the exclusive control of defendant; rather, it was located in an outdoor parking lot where it could be affected by conditions such as adverse weather or vandalism.  In addition, the event that caused the harm to plaintiff's vehicle could occur in the absence of defendant's negligence. Indeed, a computer malfunction or other product defect would implicate the product manufacturer rather than defendant.  See *Sant v. Hines Interests Ltd. Partnership*, Franklin App. No.  05AP-586, 2005-Ohio-6640.  Defendant established by affidavit that it had no record of any complaints regarding the traffic gate arm malfunctioning prior to plaintiff's incident.   Therefore, the court finds that plaintiff failed to prove by a preponderance of the evidence that defendant had actual or constructive notice of a defect in the traffic gate arm prior to the arm striking his vehicle.

{¶ 10} Accordingly, defendant's motion for court review is GRANTED.   The November 10, 2009 order of the deputy clerk granting plaintiff's claim is VACATED. Judgment is rendered in favor of defendant.  Pursuant to R.C. 2743.10(D), no further appeal may be taken from this judgment.  Court costs are absorbed by the court.

_____
CLARK B. WEAVER SR.
Judge

cc:

Robert Todd Caruthers            M. Celeste Cook
1643 11th Street                Associate Vice President
Cuyahoga Falls, Ohio 44221     and Assistant Attorney General
                                302 Buchtel Mall
                                Akron, Ohio 44325-4706

HTS/cmd
Filed November 5, 2010
To S.C. reporter December 1, 2010