DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, Domestic Relations Division, involving a post-divorce motion for relief from a divorce decree judgment. Because we conclude that the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion, we affirm.
 {¶ 2} Appellant, Kurt G. Kluge, and appellee, Ursula I. Kluge, were granted a divorce in February 1998. That judgment was affirmed on appeal in July 1999. See Kluge v. Kluge (July 23, 1999), 6th Dist. No. WD-98-015.
 {¶ 3} In November 2004, appellant filed a Civ.R. 60(B) motion for relief from the divorce decree judgment and for attorney fees. His motion was based upon alleged inaccuracies in the trial court docket and record of transcripts during the proceedings and as transmitted to the appellate court. After conducting a hearing, the trial court denied both motions on June 21, 2005, stating that appellant's motion was untimely.
 {¶ 4} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 5} "The trial court erred and abused its discretion by denying Appellant's Emergency 60(B) Motion to Vacate the Judgment Entry Decree of Divorce and further denied Appellant his rights of Due Process and Equal Protection by its decision."
 {¶ 6} A successful motion for relief from judgment requires: 1) the existence of a meritorious defense; 2) that the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, 3) that the motion is timely brought.GTE Automatic Elect. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 7} If any of these three requirements is not met, the motion should be overruled. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
 {¶ 8} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} Civ.R. 60(B) provides, in pertinent part, that a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. * * *"
 {¶ 10} A party is entitled to relief from judgment under Civ.R. 60(B)(5), the "catchall" provision, only if he can demonstrate any other reason not listed in Civ.R. 60(B)(1)-(4) that justifies relief being granted. Ohio courts have routinely said that Civ.R. 60(B)(5) is not to be used as a substitute for any other more specific provisions of Civ.R. 60(B)(1)-(4).Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. The catchall provision should only be used in rare cases where substantial grounds exist to justify relief. Wiley v. Gibson
(1997), 125 Ohio App.3d 77, 81. Furthermore, a Civ.R. 60(B) motion is not to be used as a substitute for direct appeal.State ex rel. Bragg v. Seidner (2001), 92 Ohio St.3d 87, citingKey v. Mitchell (1998), 81 Ohio St.3d 89, 90-91.
 {¶ 11} In this case, appellant sought relief from the 1998 divorce decree judgment on the basis that the trial court's docket did not, at the time of his appeal, accurately reflect the number of transcripts to be contained in the record. Appellant claims that this inaccuracy constituted a "fraud on the court" and denied him the right to appeal the trial court's decision in his divorce.
 {¶ 12} Appellant did not file his Civ.R. 60(B) motion, however, until more than six years after the final divorce decree judgment was issued, and five years after discovering possible errors in the docket. Appellant should have had or did have notice of alleged inaccuracies in the docket and the record when the record was filed in his appeal. It is the appellant's duty to provide an accurate, complete record for review. See App.R. 9(B);State v. Novak (Mar. 11, 1991), 4th Dist. No. No. 90 CA 3. Where the record is incomplete or inaccurate, App.R. 9(C) provides a mechanism to correct or modify it so that it comports with the actual trial court events. Id. In this case, appellant took no action to correct the record at the time of the appeal.
 {¶ 13} As noted by the trial court, appellant chose not to file anything with either the trial court or the appellate court until five years after his discovery of problems with the record. Moreover, nothing in the record shows that any "fraud" or misconduct was committed by either appellee, which is the party addressed by Civ.R. 60(B)(3), or the court or its personnel. Therefore, even presuming that appellant could have alleged sufficient facts to support that a mistake, inadvertence, or errors had been made, appellant's motion for relief from judgment was untimely under Civ.R. 60(B)(1) (2), and (3).
 {¶ 14} Appellant also may not obtain relief under Civ.R. 60(B)(4) which simply does not apply to the facts of this case. Finally, since appellant could have sought relief under at least one of the first three reasons, Civ.R.(B)(5) may not be used to override the untimeliness of his motion or as a substitute for an appeal. Therefore, we conclude that, appellant could not establish that he was entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5), and the trial court did not abuse its discretion in denying appellant's motion for relief from judgment.
 {¶ 15} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 16} The judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.